CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
November 22, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

| | |
|---|---|
| **AUSTIN JENKINS**, on behalf of himself and others similarly situated, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) Case No: 7:23-cv-00297 |
| **ELDOR AUTOMOTIVE POWERTRAIN USA LLC** | ) ) ) ) |
| *Defendant*. | ) ) |

## ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff Austin Jenkins and Defendant Eldor Automotive Powertrain USA LLC jointly came before this Court requesting approval of a settlement reached in relation to Jenkins' individual and collective/class Fair Labor Standards Act and Virginia Wage Payment Act claims (all individual and class claims are collectively referred to as "the wage claims"). The settlement would resolve only the wage claims, allowing Jenkins to pursue his individual retaliation claims.

The settlement was the product of contested litigation, resolving a *bona fide* dispute over the wage claims. The settlement was achieved through arms-length negotiations between competent counsel and was facilitated during mediation with U.S. Magistrate Judge C. Kailani Memmer. The terms of the settlement are reasonable and do not run afoul of any public policy concerns; they do not require Jenkins or any putative collective members to release anything more than the respective wage claims at issue, and do not impose any confidentiality requirements on Jenkins or any putative collective members. Finally, the settlement reflects a reasonable compromise over disputed issues.

It is now ORDERED:

1) The settlement is approved, and Jenkins' individual and collective wage claims are dismissed with prejudice.

2) Jenkins' Motion to Certify, ECF No. 24, is denied as moot.

3) Eldor's Motion to Dismiss, ECF No. 26, is denied as moot.

4) Jenkins' Motion for Leave to Amend his Complaint, ECF No. 32, is granted in part and denied in part. The motion is granted as it relates to Jenkins' request to add a Fair Labor Standards Act retaliation claim, and it is denied as it relates to Jenkins' request to add individual and collective claims related to Eldor's alleged failure to include the Key Performance Indicator Bonus into its regular rate calculation for purposes of calculating overtime premiums for non-exempt employees.

Dated: November 21, 2024

Mike Urbanski
Senior U.S. District Judge
2024.11.21 12:17:02
-05'00'

US DISTRICT COURT JUDGE